■ DEXTER BISHOP COMPANY, Respondent-Appellant, v B. REDMOND AND SON, INC., Appellant-Respondent.—Judgment of the Supreme Court, Bronx County, entered August 14, 1975, which decreed that defendant specifically perform its obligation to sell and deliver to plaintiff two new model "Reddies" machines, in accordance with an agreement had between the parties, and which denied damages to plaintiff, unanimously affirmed, without costs and without disbursements. Defendant appeals from so much of the order and judgment as granted specific performance to plaintiff. Plaintiff cross-appeals from that portion of the same order and judgment denying damages. There appears to be no question that the two new "Reddies" machines, manufactured by defendant to process butter and margarine into table service pats are "unique" and come within the description of the types of machines referred to in paragraph 4.2 (a) of the contract dated February 24, 1964 between the parties. We agree with the trial court's view of the evidence that defendant breached the contract in failing to comply with plaintiff's order of October 24, 1969 for these two machines. The contract provided, *inter alia:* "4.2 Companies shall sell to Dexter, at Companies' manufacturing cost, as defined in paragraph 2.1(c), *in the event that Dexter shall elect to purchase same for its own use:* (a) Any and all types of machines hereafter developed and manufactured for the trade and domes-

tically sold or rented by Companies, *provided, however,* that the operation of paragraph 4.2(a) *does not jeopardize the business* of Companies.\* \* \* \* 4.5 Dexter shall make its facilities available to Companies to test at reasonable times during reasonable hours new developments undertaken by Companies, and to furnish Companies, its agents, servants and employees with access to the premises of Dexter at reasonable times during reasonable hours to test, demonstrate and sell products manufactured or offered for sale by Companies." (Emphasis added.) We find that plaintiff was purchasing the machines for its own use. Although plaintiff had reduced its business, closed its plants and perhaps intended to relocate, the two machines ordered would enable it to return to a competitive position in the industry. We further find that the sale of the machines would not "jeopardize" defendant's business, in that its continued existence was not imperiled. Defendant's contention that plaintiff failed to satisfy its obligation to provide facilities for testing of defendant's machines, thereby breaching the contract, is without merit. The clause relied upon by defendant does not provide that plaintiff must make facilities available to defendant or that plaintiff must maintain facilities. A fair reading of the clause indicates merely that such facilities as plaintiff shall have must be made available to defendant. Defendant's claim of economic duress is likewise untenable. That plaintiff drove a hard bargain is not sufficient to raise such defense (17 NY Jur, Duress and Undue Influence, § 13). As to plaintiff's claim for damages: Although the remedy of specific performance does not preclude a claim for damages (Uniform Commercial Code, § 2-716, subd [2]) we find the damages asserted by respondent were speculative even when such damages are to be measured by the rule that "The loss of the value of the use of property, rather than a loss of profits, is the proper measure of damages where there is a breach of a contract \* \* \* to deliver [property]." (NY Jur, Damages, § 104; *Griffin v Clover,* 16 NY 489). The other contentions and defenses of defendant are found to be without merit. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.

---

\* The contract employs the term "Companies" because it bound another company, in addition to defendant. The other company (Chiplets, Inc.) had officers, directors and stockholders in common with defendant but is not a party to this action.